UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE WILSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2868 SNLJ |
| | ) | |
| UNKNOWN MCKEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Terrance Wilson, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 case against defendants Unknown McKee (Lieutenant); Unknown Baker (Sergeant); J. Matchingtouch (Corrections Officer); Unknown Edwards (Corrections Officer); and Unknown Lupo (Corporal).[1] Plaintiff alleges that on September 18, 2017, defendant Edwards maced him in his cell while he had his hands behind his head and was not acting aggressively. Shortly after plaintiff was maced, he was taken to administrative segregation, where he was assigned to Lieutenant McKee. Plaintiff alleges McKee is very disrespectful and holds inmates in administrative segregation in retaliation for filing grievances. Plaintiff states he was given no notice or any opportunity to be heard regarding his placement in administrative segregation, and he states his placement is "indefinite" and not subject to periodic review.

Plaintiff alleges defendant Edwards used excessive force when he sprayed the mace; defendants failed to provide plaintiff with reasonable safety; violated his procedural due process

---

[1] The case caption of plaintiff's complaint lists these five defendants. The body of plaintiff's complaint mentions additional defendants who are not listed in the case caption. To the extent plaintiff seeks to bring the complaint against defendants not listed in the case caption, he must file an amended complaint, and the caption of his amended complaint must list **ALL** defendants.

rights; engaged in civil conspiracy; and caused the intentional infliction of emotional distress. For relief, plaintiff seeks damages of $65,000.00.

## Discussion

A. Eighth Amendment

Plaintiff's allegation that defendant Edwards maced him without cause states a plausible claim for relief under § 1983, and the Court will allow plaintiff's individual capacity claims against this defendant to proceed. *See Treats v. Morgan*, 308 F.3d 868, 872-73 (8th Cir. 2002) ("A basis for an Eighth Amendment claim exists when . . . an officer uses pepper spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat."); *see also Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain.").

As to plaintiff's failure to protect claims against defendants, he alleges that he repeatedly requested to be moved from H-Block to a different unit because he was having had problems with other inmates in H-Block and he feared for his life. Plaintiff states his requests were denied because of a "long-standing policy . . . that allows officers to deny requests by inmates to be moved into protective custody if they are African-American." He states that because his request was denied, he had "numerous confrontations and fights in the block."

"Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). An inmate's injury must be more that *de minimis* to state an Eighth Amendment violation. *Id.* Plaintiff must show that the harm he suffered from defendants' alleged failure to protect him was objectively serious. Here, plaintiff states he had confrontations and fights, but he does not allege he suffered any serious injury. Because plaintiff

does not allege he suffered an objectively serious mental or physical injury arising from defendants' alleged failure to protect, he has not satisfied the objective component of his failure to protect claim, and it will be dismissed.

B.   Procedural Due Process

Next, plaintiff alleges his procedural due process rights were violated when he was placed in administrative segregation indefinitely. Taking his allegations as true, the Court finds that his continued segregation indefinitely implicates a liberty interest and that plaintiff stated a due process claim. *See Kelly v. Brewer*, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way). The Eight Circuit has found that administrative segregation is not punitive, but looks to present and future rather than to past. *Id.* The reason for segregation must not only be valid at outset but must continue to subsist during period of segregation. *Id.* For this reason, the Court will allow plaintiff's due process claim regarding his segregation for an indefinite period to proceed against defendant Lieutenant McKey.

C.   Civil Conspiracy Claims

Plaintiff brings a claim for civil conspiracy under Missouri state law and 42 U.S.C. § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (*quoting White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support

the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint lacks any factual detail indicating that defendants conspired with each other or to violate plaintiff's constitutional rights. Without further facts implying that defendants agreed to deprive him of any constitutional rights, plaintiff fails to state a claim for civil conspiracy under 42 U.S.C. § 1983 and Missouri state law.

D. Intentional Infliction of Emotional Distress

Plaintiff alleges a claim under state law for intentional infliction of emotional distress. Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). Additionally, the conduct must be "intended *only* to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (emphasis added).

Here, plaintiff has not alleged, and the facts do not support, that defendants' sole purpose in their conduct was to cause emotional distress to plaintiff. Additionally, the Court does not find defendants' conduct so "outrageous in character" and "extreme in degree, as to go beyond all possible bounds of decency." For these reasons, the Court cannot find that plaintiff's allegations plausibly state a claim for intentional infliction of emotional distress under Missouri state law.

E. Plaintiff's "Monell" Claims

Plaintiff attempts to state a "*Monell*" claim against St. Charles County, but he has not named St. Charles County as a defendant. For this reason, the Court will dismiss plaintiff's "*Monell*" claims.

F. Official Capacity Claims

The Court will also dismiss plaintiff's claims brought against defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff's allegations regarding the policies and customs of St. Charles County are conclusory in nature. Plaintiff's complaint does not contain any allegations that a *specific* policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights, and his official capacity claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Lieutenant McKee and Officer Edwards.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Baker, J. Matchingtouch, and Unknown Lupo are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's claims against all defendants brought in their official capacity are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).